UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | | |
|---|---|---|
| FENF, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:24-cv-11987 |
| | ) | |
| vs. | ) | |
| | ) | |
| TAMILEES EMPORIUM LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Tamilees Emporium LLC. ("Tamilees Emporium" or "Defendant").

## **Parties**

1.     FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2.     Tamilees Emporium is a limited liability company existing under the laws of Georgia having a registered address at 314 Bryant Ave., Lafayette, Georgia 30728.    Tamilees Emporium maintains a fully interactive website at https://tamileesemporiumllc.com/ from which the product accused in this Complaint

- 1 -

can          be          purchased          in          Michigan.
https://tamileesemporiumllc.com/collections/all?filter.v.price.gte=&filter.v.price.lt
e=&filter.p.product_type=Toe+Separator&sort_by=title-ascending.

## **Jurisdiction and Venue**

3.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and
1338 because this action arises under the trademark laws of the United States (Title
15 Chapter 22 of the United States Code).

4.    This Court has personal jurisdiction over Defendant because Defendant
has conducted and continues to conduct business in this judicial district and, upon
information and belief, has engaged in activities related to FenF's claims federal
trademark infringement, including but not limited to the operation of a fully
interactive website from which the product accused herein can be purchased,  that
establish minimum contacts with the state of Michigan, including having committed
acts of trademark and copyright infringement, in this judicial district, as well as
violating an order from this Court and the exercise of personal jurisdiction over
Defendant is reasonable and fair.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391
and 1400.

**Common Allegations**

6.     FenF sells foot-therapy products that are designed to treat various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

7.     FenF sells a line of Yoga Toes® products, including a Yoga Toes® GEMS® product (hereafter "the GEMS® product"), in various on-line outlets including through its website (www.yogatoes.com) as well as through on-line retailers such as Amazon.com.

8.     The GEMS® product sold by FenF includes upstanding posts made of an elastic material.  Each of the upstanding posts has a faceted gemstone handle at a free end thereof.  A representative photograph of the GEMS® product is shown below in photograph A.



*A: FenF's GEMS® Product*

9.     FenF's GEMS® product has been featured on television shows such as *Rachel Ray*, *Dr. Oz* and *The Today Show* featuring Kathy Lee and Hoda.

10.     FenF's GEMS® product has also been featured in publications such as The Wall Street Journal, New York Magazine and Oprah Magazine.

11.     FenF has spent over $5 Million dollars in promoting its Yoga Toes® products including its GEMS® product.

12.     As a result of FenF's sales, advertising, and the quality and uniqueness of its GEMS® products, FenF has been the number 1 seller on Amazon in its product category for over 3 years and the number 2 seller on Amazon for over 5 years.

13.     FenF has acquired value, name and brand recognition, and goodwill in the use of its gemstone handle configuration in connection with its GEMS® product as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its GEMS® product that dates back to at least December 2010.

14.     FenF has been the exclusive seller of foot therapy products having a gemstone handle configuration since it began selling its GEMS® product.

15.     Many other sellers have tried selling foot therapy products having gemstone handle configurations that violate FenF's trademark rights on ecommerce platforms such as Amazon and eBay.  FenF, through a rigorous enforcement effort has successfully stop infringing sales.

- 4 -

16.     FenF is the owner of protectable trade dress for a foot-therapy product that includes gemstone handles, and has obtained a Federal Trademark Registration, Registration No. 5,098,981, for the gemstone handle design ("the '981 trademark registration").  A true and correct copy of the '981 trademark registration is attached to this Complaint as Exhibit A. The '981 trademark registration has become incontestable as set forth in Section 15 of the Lanham Act, 15 U.S.C. §1065.

17.     As a result of its substantial advertising, sales and recognition, FenF's trade dress in its gemstone handles has become famous.

18.     FenF is also the owner of Federal Trademark Registration, Registration No. 5,099,070, for the color blue in connection with toes stretchers ("the '070 trademark registration").  A true and correct copy of the '070 trademark registration is attached to this Complaint as Exhibit B.  The '070 trademark registration has become incontestable as set forth in Section 15 of the Lanham Act, 15 U.S.C. §1065.

19.     FenF is the owner of a copyright covering the photograph of its GEMS® product, shown above in photograph A, and has registered that copyright with the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code.  FenF's copyright was assigned Registration Number VA 2-001-636 "the '636 copyright registration").  A true and correct copy of the '636 copyright registration is attached to this Complaint as Exhibit C.

20.     FenF brought a Civil Action in this Court that was captioned FenF, LLC v. Welnove Inc. et al, Civil Action No. 2:23-cv-13181-MAG-KGA.

21.     In the Civil Action, FenF asserted that Welnove's toe spacer product infringed FenF's two trademarks and two copyrights set forth above.

22.     The Welnove product at issue was:





23.     On June 6, 2024, this Court entered an Order Granting Motion for Default Judgment and Granting a Permanent Injunction.  In that Order Welnove, and those persons in active or participation with [Welnove Inc.] who receive actual

notice of this Injunction, by personal service or otherwise" are permanently enjoined from infringing FenF's trademarks and copyrights, which would include selling of the Welnove product shown above embodying FenF's trademarks and copyrights.

24.    Defendant advertises and offers certain products for sale to the general public within the United States, including in this District.

25.    Members of the general public can purchase the product shown here directly from Defendant through its fully interactive website at https://tamileesemporiumllc.com/collections/all?filter.v.price.gte=&filter.v.price.lte=&filter.p.product_type=Toe+Separator&sort_by=title-ascending.



As is evident, this is the exact same product (hereafter the "Welnove product") that was enjoined from further sale in the June 6, 2024 Injunction.

26.     Defendant also offers or have offered the Welnove product for sale on other ecommerce sites such as Amazon.com, eBay.com, Walmart.com, Shopify and Mercari.

27.     FenF notified Defendant of its infringement and of the Court's injunction order in a letter dated July 25, 2024 (Exhibit E) which FedEx records show was delivered to Defendant's registered address on July 26, 2024.

28.     Defendant, even though being put on notice of the injunction and FenF's copyrights and trademarks, continues to sell the product identified herein.

29.     Defendant sells the Welnove Product which includes upstanding posts that are configured to separate a user's toes.  The Welnove Product includes gemstone handles that are confusingly similar to the gemstone handles featured on FenF's GEMS® product and protected by the '981 trademark registration.

30.     The Welnove Product competes directly with FenF's GEMS® product for sales to the general public.


### Count I - Violation of Section 32 of the Lanham Act
### (Infringement of Trademark Registration No. 5,098,981)

31.     FenF repeats and realleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

32.     The incontestable status of the mark of the '981 is conclusive evidence of the validity of the mark, that FenF owns the mark, and FenF's exclusive right to use the mark in commerce.

33.     Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration through its advertising, promotion, distribution, and offering for sale of the Welnove Product, which includes upstanding posts having gemstone handles.

34.     Defendant's use in commerce of a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration in connection with its advertising, promotion, distribution, and offering for sale of the Welnove Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Welnove Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

35.     Defendant's use of FenF's registered trademark in connection with the use of faceted gemstone handles as part of the Welnove Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered incontestable trade dress rights.

36.     Defendant's actions constitute infringement of FenF's federally registered trademark for the gemstone handle in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

37.     Defendant has been notified of its infringement on July 26, 2024 and on information and belief, and by virtue of the widespread exposure and success of FenF's GEMS® product, Defendant was actively aware of FenF and its trademark rights in the  gemstone handles of FenF's GEMS® product when Defendant began selling the Welnove Product, yet proceeded anyway to use a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration in the Welnove Product, and is continuing to do so, thus rendering Defendant's, use of FenF's registered incontestable trademark willful and deliberate.

### Count II - Violation of Section 32 of the Lanham Act
### (Infringement of Trademark Registration No. 5,099,070)

38.     FenF repeats and realleges the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.     The incontestable status of the mark of the '070 is conclusive evidence of the validity of the mark, that FenF owns the mark, and FenF's exclusive right to use the mark in commerce.

40.     Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, a reproduction, counterfeit, copy and/or colorable imitation of FenF's '070 trademark registration through its advertising, promotion, distribution, and offering for sale of the Welnove Product, which comprises the color blue.

41.     Defendant's use in commerce of a reproduction, counterfeit, copy and/or colorable imitation of FenF's '070 trademark registration in connection with its advertising, promotion, distribution, and offering for sale of the Welnove Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Welnove Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

42.     Defendant's use of FenF's registered trademark in connection with the use of the color blue for the Welnove Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered incontestable trademark.

43.     Defendant's actions constitute infringement of FenF's federally registered trademark for the color blue in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

44.     Defendant has been notified of its infringement on July 26, 2024 and on information and belief, and by virtue of the widespread exposure and success of

FenF's GEMS® product, Defendant was actively aware of FenF and its trademark rights in the blue color of FenF's GEMS® product when Defendant began selling the Welnove Product, yet proceeded anyway to use a reproduction, counterfeit, copy and/or colorable imitation of FenF's '070 trademark registration in the Welnove Product, and is continuing to do so, thus rendering Defendant's, use of FenF's registered incontestable trademark willful and deliberate.

### Count III - Violation of Section 43(c) of the Lanham Act
### <u>(Dilution by Blurring)</u>

45.     FenF repeats and realleges the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.     FenF's gemstone handle trademark is distinctive and a famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

47.     FenF's gemstone mark became distinctive and famous prior to the Defendant's acts alleged herein.

48.     Defendant's use of a reproduction, counterfeit, copy and/or colorable imitation of FenF's '981 trademark registration has diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of FenF's famous gemstone handle trademark.

49.     Defendant has been notified of its infringement on July 26, 2024 and on information and belief, and by virtue of the widespread exposure, success and fame of FenF's gemstone trade dress, Defendant was actively aware of FenF and its

trademark rights in the gemstone trade dress yet proceeded anyway to use a reproduction, counterfeit, copy and/or colorable imitation of FenF's gemstone trade dress thus rendering Defendant's, use of FenF's registered incontestable trademark willful and deliberate.

50.     Defendant's acts have already caused FenF irreparable damage and will, unless enjoined by this Court continue to so damage FenF, which has no adequate remedy at law.

## Count IV – Copyright Infringement
### (Infringement of Copyright Registration No. VA 2-001-636)

51.     FenF repeats and realleges the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52.     Defendant has infringed, and continues to infringe, the '636 copyright registration by displaying a photograph substantially similar to FenF's copyrighted photograph on Defendant's ecommerce pages in connection with the advertising, promotion, and offering for sale of the Welnove Product without authorization or approval from FenF.

53.     Defendant's reproduction of a photograph substantially similar to FenF's copyrighted photograph and their infringement of FenF's copyright has been, and continues to be, willful and deliberate.

54.     Defendant's infringement of FenF's copyright has caused, is causing, and will continue to cause irreparable injury to FenF.

## Count V – Copyright Infringement
### (Infringement of Copyright Registration No. VA 2-097-251)

55.    FenF repeats and realleges the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

56.    FenF sells its GEMS ® product in a package that includes an insert card. In addition to showing a photograph of its product, the insert card has text which includes, inter alia, "You may experience some discomfort at first, but do not fret.  This is just a reminder, that your toes need the conditioning.  You're on the right path now! A copy of the insert card is shown:





57.     FenF is the owner of a copyright covering the insert card shown above and has registered that copyright with the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code.  FenF's copyright was assigned Registration Number VA 2-097-251 "the '251 copyright registration").  A true and correct copy of the '251 copyright registration is attached to this Complaint as Exhibit D.

58.     Defendant's sells the Welnove Product in a package that displays text. Defendant's packaging displays text that includes, inter alia, "You may experience some discomfort at first, but do not fret.  This is just a reminder that your toes need the conditioning.  You are on the right path now!" as shown:



59.     This recited text is an exact copy of FenF's copyrighted text.

60.     Defendant has infringed, and continues to infringe, the '251 copyright registration by displaying text identical to FenF's copyrighted text on Defendant's packaging of the Welnove product without authorization or approval from FenF.

61.     Defendant's reproduction of text that is identical to FenF's copyrighted text and Defendant's infringement of FenF's copyright has been, and continues to be, willful and deliberate.

62.     Defendant's infringement of FenF's copyrighted work has caused, is causing, and will continue to cause irreparable injury to FenF.

## Count V – Copyright Infringement
## (Contempt of Court)

63.     FenF repeats and realleges the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

64.     Defendant, after being put on actual notice of this Court's Permanent Injunction Order continues to sell the infringing Welnove Product in violation of the terms of the Permanent Injunction Order.

## RELIEF REQUESTED

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A.     Finds Defendant's use in commerce of a reproduction, counterfeit, copy and/or colorable imitation of gemstone handles that are the subject of FenF's '981 registration infringes the '981 trademark registration in violation of 15 U.S.C. § 1114;

B.     Finds Defendant's use in commerce of a reproduction, counterfeit, copy and/or colorable imitation of the color blue in connection with toe stretchers that are the subject of FenF's '070 registration infringes the '070 trademark registration in violation of 15 U.S.C. § 1114;

C.     Finds Defendant has violated Section 43(c) of the Lanham Act having caused dilution by blurring;

D.    Awards FenF profits gained by Defendant as a result of Defendant's trademark infringement and trademark dilution, increased to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

E.    Awards FenF actual damages sustained as a result of Defendant's infringement and dilution, increased by up to three times, pursuant 15 U.S.C. § 1117;

F.    Awards FenF its costs and any additional damages to which FenF is entitled as a result of Defendant's infringement and dilution;

G.    Finds this case to be exceptional and awards FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117;

H.    Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '981 and '070 trademark registrations;

I.    Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from diluting the FenF's gemstone handle trademark;

J.    Orders Defendant to recall from any distributors, shippers, resellers, retailers, or wholesalers any and all advertising, products, packaging or any other items that infringe the '981 trademark registration;

K.     Orders Defendant to deliver to FenF any and all advertising, products, packaging, or any other items that infringe the '981 and '070 trademark registrations or that dilute FenF's gemstone handle trademark;

L.     Finds Defendant's unauthorized reproduction and displaying of FenF's copyrighted photograph, which is the subject of the '636 copyright registration, in connection with the Welnove Product infringes the '636 copyright registration;

M.     Finds Defendant's unauthorized reproduction and displaying of FenF's copyrighted text, which is the subject of the '251 copyright registration, in connection with the Welnove Product infringes the '251 copyright registration;

N.     Awards FenF damages to compensate for Defendant's copyright infringement pursuant to 17 U.S.C. § 504, including FenF's actual damages and any additional profits of Defendant or, in the alternative statutory damages of up to $150,000.00 per work because of the willful nature of Defendant's infringement;

O.     Awards FenF its full costs, including attorney fees, stemming from Defendant' copyright infringement pursuant to 17 U.S.C. § 505;

P.     Orders the impounding of all items that violate the exclusive rights of FenF in its registered copyright pursuant to 17 U.S.C. § 503;

Q.     Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '363

copyright registration and the '251 copyright registration pursuant to 17 U.S.C. § 505;

R.     Finds that Defendant has violated this Court's Permanent Injunction Order and awards FenF its fees and costs associated with brining this action; and

S.     Awards FenF costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:   July 31, 2024              By: */s/ Richard W. Hoffmann*
                                    RICHARD W. HOFFMANN (P42352)
                                    Reising Ethington PC
                                    755 W. Big Beaver Road, Suite 1850
                                    Troy, Michigan 48084
                                    Telephone: (248) 689-3500
                                    E-mail:  hoffmann@reising.com
                                             druzinski@reising.com

                                    *Attorneys for Plaintiff FenF, LLC*

## **JURY TRIAL DEMANDED**

FenF demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:   July 31, 2024

By: */s/ Richard W. Hoffmann*

RICHARD W. HOFFMANN (P42352)
Reising Ethington P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail:  hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*